UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONNIE JOSEPH REAGAN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 12-2571** |
| **V. J. ST. PIERRE, ET AL.** | * | **SECTION: "G"(5)** |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Ronnie Joseph Reagan, against defendants, St. Charles Parish President V.J. St. Pierre, St. Charles Parish Sheriff Greg Champagne, and Warden John Novack of the Nelson Coleman Correctional Center ("NCCC"), Killona, Louisiana.

Plaintiff, an inmate of the Orleans Parish Prison who was incarcerated at NCCC at the time of Hurricane Isaac, complains that he was not evacuated from that facility despite a mandatory evacuation having been ordered by Parish President St. Pierre. Plaintiff seeks an unspecified amount of monetary damages for "mental anguish."

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Putting aside whether a mandatory evacuation order applies to individuals like plaintiff who are incarcerated and whether the defendant's failure to evacuate plaintiff deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States so as to be actionable under §1983, Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986), without a showing of physical injury, damages for mental or emotional injury suffered while in custody are not recoverable under §1983. 42 U.S.C. §1997e(e); Cambre v. Jefferson Parish Sheriffs Office, 2006 WL 2092403 at *4-5 (E.D. La. July 25, 2006). Feelings of fear and anxiety do not

qualify as physical injuries under §1997e(e). <u>Herman v. Holiday</u>, 238 F.3d 660, 665-66 (5th Cir. 2001).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n,</u> 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this 29th day of October 2012.

ALMA L. CHASEZ
United States Magistrate Judge